UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TREYVEYON SMALLWOOD,

*Defendant-Appellant.*

No. 02-4634

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-01-116)

Submitted: December 20, 2002

Decided: January 15, 2003

Before LUTTIG, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Lisa R. McKeel, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Treyveyon Smallwood appeals his conviction and 123-month sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000); and making a false statement on a firearm transaction record, in violation of 18 U.S.C. § 924(a)(1)(A) (2000). We affirm.

Smallwood challenges the district court's decision to admit the expert testimony of a detective regarding the general characteristics of the drug trade. We review a district court's evidentiary rulings, including the decision to admit or exclude expert evidence, for an abuse of discretion. *United States v. Barnette*, 211 F.3d 803, 816 (4th Cir. 2000); *see also Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). We find no abuse of discretion. *See United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994).

Smallwood contends the district court erred when it denied his Rule 29 motion for judgment of acquittal and allowed the Government to reopen its case-in-chief to establish the necessary elements of Counts Four and Five of his indictment. A district court's decision to reopen a case to admit new evidence is "within the district court's sole discretion." *United States v. Abbas*, 74 F.3d 506, 510 (4th Cir. 1996). In determining whether a district court abused its discretion in reopening a case, we examine "(1) whether the party moving to reopen provided a reasonable explanation for failing to present the evidence in its case-in-chief; (2) whether the evidence was relevant, admissible, or helpful to the jury; and (3) whether reopening the case would have infused the evidence with distorted importance, prejudiced the opposing party's case, or precluded the opposing party from meeting the evidence." *Id.* at 510-11. With these standards in mind, we find no abuse of discretion. *See United States v. Jackson*, 124 F.3d 607, 617 (4th Cir. 1997).

Smallwood contends the district court erred by failing to exclude a certified copy of the juvenile court document reflecting Small-

wood's conviction for possession with intent to distribute cocaine. A district court has broad discretion in ruling on the relevance and admissibility of evidence, which will not be reversed absent an abuse of that discretion. *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). We find the district court's decision to admit the certified copy of Smallwood's conviction was not arbitrary or irrational.

Smallwood maintains that there was insufficient evidence to sustain the jury's guilty verdict on Counts One and Two. In reviewing a sufficiency claim on appeal, we sustain the verdict if the record contains substantial evidence, taking the view most favorable to the government, to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). We find there was sufficient evidence to sustain the jury's verdict.

Accordingly, we affirm Smallwood's conviction and 123-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*